**Jose Manuel Rodriguez VICTOR; Aide Osegueda Gutierrez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73520.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2013.*

Filed April 22, 2013.

Jose Manuel Rodriguez Victor, Palmdale, CA, pro se.

Aide Osegueda Gutierrez, Palmdale, CA, pro se.

Richard M. Evans, Esquire, Assistant Director, Nancy Ellen Friedman, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**700**

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

MEMORANDUM **

Jose Manuel Rodriguez Victor and Aide Osegueda Gutierrez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider the BIA's prior order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA was within its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's denial of cancellation of removal. *See* 8 U.S.C. § 1229a(c)(6)(C); *see also Romero–Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003) ("[c]ancellation of removal ... is based on statutory predicates that must first be met").

We reject petitioners' contention that their equal protection and due process rights were violated because they should have been allowed to apply for suspension of deportation. *See Ram*, 243 F.3d at 517 ("Line-drawing decisions made by Con-gress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose."); *Ramirez–Zavala v. Ashcroft*, 336 F.3d 872, 874–75 (9th Cir.2003) (finding petitioner ineligible to apply for suspension of deportation where removal proceedings commenced after April 1, 1997).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).